## Moyer v. Susquehanna Pipe Line Company

*C. W. Dickson*, for plaintiff.

*Frank B. Gummey, 2d*, and *Leon Schwartz*, for defendant.

FINE, J., February 2, 1934.—This case was heard on bill and answer. From the evidence adduced we make the following

### Findings of fact

1. The plaintiff is a resident owner of real estate in Hollenback Township.

2. The defendant, Susquehanna Pipe Line Company, is a corporation organized and existing under and by virtue of the laws of Pennsylvania.

3. The plaintiff is an owner of a certain tract of land situate in Hollenback Township, Luzerne County, containing approximately 287 acres, as fully described in exhibit A attached to the bill of complaint.

4. On November 26, 1930, Susquehanna Pipe Line Company presented its petition to the Court of Common Pleas of Luzerne County to no. 1412, December term, 1930, alleging that it was vested by the Act of June 2, 1883, P. L. 61, as amended by the Act of April 30, 1929, P. L. 896, with the power of eminent domain, seeking to appropriate lands or properties and to acquire therein a right of way or easement for the purpose of locating, maintaining and operating this pipe line for the transportation of petroleum and oil for the public.

5. Accompanying the petition referred to in finding of fact no. 4, Susquehanna Pipe Line Company presented its bond, approved by the court, to secure the payment of any and all damages sustained or likely to be sustained by James T. Moyer, an obligee in said bond, or for the use and benefit of the owner or such others as might be found to be entitled to the payment of damages thereunder.

6. On April 7, 1931, James T. Moyer signed, executed, and acknowledged before Lawrence C. McHugh, notary public, a right of way agreement with Susquehanna Pipe Line Company, granting it the right to lay a pipe line, to maintain, operate, repair, and remove said line at any time on, over, and through the lands described in the bill of complaint, which right of way agreement was duly recorded on April 10, 1931, in the office of the Recorder of Deeds in and for Luzrene County in Deed Book no. 705, at page 503.

7. The said right of way agreement contains the following provisions, inter alia ". . . said grantee [Susquehanna Pipe Line Company] to pay any damages which may arise to crops, fences, trees, or buildings on said premises from the installation, maintenance, and operation of said pipe line. It is hereby further agreed that said grantee, its successors and assigns, may at any time lay, maintain, operate, repair, and remove such additional pipe lines as it may desire alongside the first line or lines, which may be laid under the terms of this

grant, . . . In construction of future lines and the maintenance and operation of the present line, the grantee agrees not to use a strip more than 20 feet wide."

8. The said right of way agreement gives to the defendant all the rights of ingress, egress, or regress to, over and through, and from said premises which may be necessary or convenient for the full and complete use of the rights granted.

9. On April 1, 1931, the defendant paid to the plaintiff the sum of $1,208 in complete release for damages pursuant to the right of way granted to the defendant as hereinabove mentioned. The plaintiff executed a receipt and release, as fully appears in exhibit E, attached to the plaintiff's bill of complaint, whereby he generally releases the defendant, its successors and assigns, for or on account of any injury, damage, or inconvenience caused the plaintiff or done to the lands of the plaintiff or to any property, real or personal, upon the premises by reason of the construction and completion of the pipe line on, across, or through said lands.

10. Subsequently the defendant laid, constructed and maintained a pipe line for the transportation of petroleum and/or oils over the land of the plaintiff within the 20-foot right of way granted the defendant by the plaintiff. Construction was performed by the defendant in an orderly and good workmanlike manner and in the usual and customary way of such construction.

11. The defendant has not violated any of the terms or conditions of its right of way agreement with this plaintiff.

## Discussion

This plaintiff seeks the intervention of equity by injunction enjoining the defendant company, its successors and assigns, officers, agents, employes, and workmen, from cutting any saplings or young timber, excepting for a reasonable width so as to permit the man to walk along the line to perform his regular duties as a watchman. The plaintiff complains that the use of the property by the defendant in the pipe line lane interferes with his full use and enjoyment, since the cutting of the saplings and young timber for the length of $1\frac{1}{4}$ miles and to a width of 12 to 20 feet will wholly prevent him from the use and enjoyment of the trail for the purpose of growing, cultivating, and cutting timber, which is and always has been his customary method of using and enjoying the property. He further alleges that the cutting by the defendant company is not necessary for the proper maintenance, operation, and repair of the pipe line. We are satisfied from the evidence the defendant is not wrongfully and unnecessarily interfering with the plaintiff in the use of his property. The defendant has the right and privilege, within the 20-foot right of way, to clear growing brush and saplings or shoots from the stumps of cut trees by virtue of the right of way agreement. It is stated that such cutting of timber is necessary to prevent damage to the pipe lines by the chemical action such roots may cause. The clearing of the trees and saplings for a reasonable width within the 20-foot right of way is manifestly necessary to allow a line walker to inspect the pipe lines for detection of leaks or thefts. The maintenance and operation of the pipe line in anticipation of prompt and unusual repairs necessitates removal of heavy growth of woodland or standing timber within the right of way.

The plaintiff has totally failed to establish any facts to warrant equitable relief. If the defendant has caused any damage to crops, fences, trees, or buildings outside the 20-foot strip, or if the company causes any damage excepting where the swath is already cut, it is liable therefor. To recover such damages the plaintiff has a complete, full, and adequate remedy at law.

*Conclusions of law*

1. The plaintiff has failed to establish a cause of action to warrant equitable relief.

2. The bill should be dismissed at the cost of plaintiff.

*Decree nisi*

Now, February 2, 1934, upon consideration of the foregoing case it is ordered, adjudged, and decreed that the prayer of the bill be denied, and the injunction prayed for be refused at cost of complainant.

From Frank P. Slattery, Wilkes-Barre, Pa.